838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William A. RANSOM and William Greg Nesen, Appellants,
v.
UNITED STATES, Appellee.
 No. 87-1471.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1988.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The appellants (Ransom) appeal from a decision of the United States Claims Court (Claims Court) which granted the government's motion for summary judgment and dismissed the complaint on the ground that the certification to the claim submitted by Ransom to the contracting officer failed to meet the requirements of the Contract Disputes Act of 1978, 41 U.S.C. Sec. 605(c)(1). We vacate the judgment below and remand the case for trial on the merits.
 
 
 2
 The statute, 41 U.S.C. Sec. 605(c)(1), requires that the certification by the contractor include the statement that "the supporting data are accurate and complete to the best of his knowledge and belief." Here, the contractor's certification with reference to the supporting data stated that "the foregoing is true and correct." The Claims Court concluded that the certification was sufficient to show that the claim was "accurate." However, the court held that the certification was fatally defective for failure to state that the supporting data are "complete." With deference, we disagree. We acknowledge that the certification requirements of the Contract Disputes Act have often presented close and difficult questions to the Courts and to the Boards of Contract Appeals as well. That is true in this case.
 
 
 3
 In disagreeing with the Claims Court, we rely primarily on this court's decision in United States v. General Elec. Corp., 727 F.2d 1567 (Fed. Cir.1984). In the case at bar, the Claims Court found that one element of the certification requirements was omitted, whereas in General Elec. Corp., two elements were lacking. In that case, the certification failed to state the amount of the claim and also did not include the statutory language "that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable." After reviewing the claim and the attachments, the court concluded that it contained the information and statements required by the statute and was therefore in "substantial compliance" therewith. We have compared the claim submitted by Ransom with that in General Elec. Corp. and are convinced that Ransom's claim meets the "substantial compliance" test. Initially, Ransom submitted a ten-page typewritten claim, which included the amount claimed but stated that additional unknown costs would be incurred. The contracting officer replied that the claim was being considered under the Contract Disputes Act, but that an amended claim should be submitted when the total amount of the claim was known. In response, Ransom then submitted an amendment which contained a definite statement of the total amount the contractor was entitled to be paid, plus a summary of the manner in which the amount was calculated.
 
 
 4
 As the Claims Court recognized in this case, a claimant is not required to parrot the language of the statute in his certification. Other cases in which it has been held that substantial compliance meets the requirements of the statute are United States v. Hamilton Enter., Inc., 711 F.2d 1038 (Fed. Cir.1983), and Joseph P. Mentor, 85-1 BCA p 17,887 (January 30, 1985). In Metric Constr. Co., Inc. v. United States, 1 Cl.Cl. 383 (1983), the Court did not use the term "substantial compliance" but held that although the certification failed to state the amount the claimant sought to recover, the certification was satisfactory for the purpose of jurisdiction.
 
 
 5
 The purpose of certification is to discourage unwarranted claims and to encourage prompt settlements. Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1384 (Fed. Cir.1983). We agree with the observation of the court in Metric Constr. Co., Inc., that in close cases, "a factor that merits close attention is whether putting the stamp of approval on a claim certification comports favorably with the purpose and rationale of the certification provision, Section 605(c)(1)." Metric Constr. Co., 1 Cl.Ct. at 393 (citations omitted). Our review of the record leads to the conclusion that the certification in issue here is in accord with the objectives of the statute. After the appellants' amended claim was submitted, the contracting officer informed appellants' attorney that the claim had been forwarded to the Air Force Judge Advocate's Office at Wright Patterson Air Force Base, where it was assigned to Mr. Mohr, a civilian attorney. Between July 29 and October 13, 1983, appellants' attorney had several telephone conversations with Mr. Mohr, who advised appellants' attorney that he had recommended that the contracting officer deny the claim. There is no indication in any of these discussions, that the Government's attorney or the contracting officer was prevented from giving full consideration to the claim because of a defect in the certification. The claim, as amended, set forth in detail the grounds upon which it was based, claimed a specific amount, showed how it was calculated, and could have been the subject of settlement negotiations if the contracting officer had not denied it on the ground that there was no liability. If he had not so decided, the claim contained a sufficient amount of material that would have enabled the contracting officer to evaluate it, either for settlement or for determining the amount which the appellants were entitled to recover on the merits. In essential respects, the factual situation before us is quite comparable to that which the Court faced in Metric Constr. Co., where it held that under such circumstances, the claim "must be deemed satisfatory for purposes of jurisdiction." We reach the same result here, although as previously stated, we find this to be a close and difficult case.